**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LOUIS GOMEZ<br><br>    Plaintiff,<br><br>v.<br><br>REBECCA NARVAEZ, et al.<br><br>    Defendants. | **Civil No. 11-1638(SEC)** |

**OPINION AND ORDER**

*Pro se* plaintiff filed this suit on June 5, 2011, and moved to proceed *in forma pauperis*. Dockets # 1 and 2, respectively. Nevertheless, because the financial statement plaintiff filed with the motion showed that he could pay the filing fees, the Court denied the *in forma pauperis* request. Docket # 3. Plaintiff subsequently amended his financial statement and moved for reconsideration, which the Court granted. Dockets # 5 and 6. Early in July, however, the Court noted that plaintiff's complaint was fatally defective and ordered him to either file an amended complaint or show cause as to why the complaint should not be dismissed. Docket # 7.[1]

On August 29, 2011, plaintiff moved to change venue to the Southern District of New York. Docket # 9. He also requested an extension of time to comply with the order issued in July. Docket # 9. The Court denied the venue transfer for want of merit but granted the extension of time. Docket # 12. The Court also directed the Clerk of Court to appoint counsel to represent plaintiff. Id. The Clerk complied on September 1, 2011, staying the proceedings until October 1, 2011 so that the newly appointed counsel could meet with plaintiff. Docket # 15.

---

[1] Although written in proper English, the complaint made little sense. See Docket # 2. In all, plaintiff appeared to request relief in connection with a disagreement he had had with personnel from the Clerk's Office for this district over an electronic document. Id. The named defendants then were the United States of America together with the Operations Manager and a docket clerk of this court. Id. Plaintiff sought a $46,000,000 damage award. Id.

Unable to locate plaintiff, however, counsel requested an extension of time on September 30, 2011. Docket # 16. An additional extension of time was requested on October 20, 2011. Docket # 19. But two weeks later, counsel moved to withdraw: "[p]laintiff ha[d] informed [him], that, after due consideration of the matters involved, he ha[d] decided to continue prosecuting his case as a *pro se* litigant." Docket # 21.

Once on his own, plaintiff moved again for a change of venue to the Southern District of New York. Docket # 23. He also requested another extension of time to comply with the order issued back in July. Docket # 26. Once more, the venue transfer was denied for want of merit and the extension of time granted. Dockets # 24 and 27, respectively.

On December 19, 2011, after six months worth of time extensions, plaintiff finally complied with the July order by filing an amended complaint. Docket # 28. The amended submission was predicated on Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) as well as on the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). Id. Nevertheless, other than adding new defendants, the factual averments changed little and thus continued to be fatally defective. Id.[2] The Court informed plaintiff the same immediately. Docket # 29. It also ordered him to show cause as to why the complaint should not be dismissed with prejudice due to the lingering deficiencies. Id.

Plaintiff never complied with the show cause order. Instead, he filed three motions the day in which the show cause order expired: in the first, he sought leave to replace the title page of the Amended Complaint (Docket # 30); in the second, he requested a stay of proceedings "until the First Circuit Court of Appeals renders its judgment on [his] Petition for a writ of mandamus [seeking] review of this Court's denial . . . of [his] Motion for reconsideration for change of venue"(Docket # 32);[3] and in the third, he moved for the appointment of another attorney (Docket # 31). A fourth motion came in on April 4, 2012,

---

[2] The new defendants were (1) the Federal Bureau of Investigation; (2) Luis S. Fraticelli, the former Special Agent in Charge of the FBI in Puerto Rico; (3) the Administrative Office of the U.S. Courts; and (4) Frances Rios-de-Moran, the Clerk of Court. Id.

[3] Plaintiff stated that the mandamus petition had yet to be filed, but that he intended to do so promptly. Id. On March 5, 2012, the mandamus petition was denied. Docket # 34.

this one seeking "[t]o postpone the proceedings to permit the filing of a petition for a writ of mandamus in the Supreme Court of the United States." Docket # 35.

Today, the time is up. As warned, plaintiff's noncompliance with the show cause order prompts the Court to dismiss his case with prejudice. See Fed. R. Civ. P. 41(b) (authorizing dismissal of an action for "failure of the plaintiff to . . . comply with . . . any order of the court"); see also Vazquez-Rijos v. Anhang, 654 F.3d 122, 127 n. 12 (1 Cir. 2011) (stating that courts have inherent power to dismiss a case with prejudice when a party fails to comply with their orders); Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 7 n. 4 (1st Cir. 2002) ("It is, of course, settled that a trial judge does not need to exhaust milder sanctions before resorting to dismissal when a noncompliant litigant has disregarded court orders and been suitably forewarned."). This outcome should come at no surprise to plaintiff. Almost a year ago, the Court first informed him about the issues with his complaint. Since then, the Court has provided plaintiff with many accommodations—among others, leave to appear *in forma pauperis*, a court appointed counsel, leave to amend the complaint, and many extensions of time—but he has taken advantage of none. Plaintiff has instead opted to disregard a clear cut order and to obfuscate matters by filing unnecessary, meritless motions.

To make matters worse, the factual averments in plaintiff's Amended Complaint are less than clear. The complaint shows that plaintiff interacted with some of the defendants in connection with a document obtained from the Court's Electronic Filing System. Some of his allegations convey dissatisfaction with the way defendants handled the interactions. The complaint nonetheless also establishes that plaintiff voluntarily participated on all interactions. Furthermore, the complaint provides no coherent allegation from which the Court could infer that plaintiff (1) was arrested or deprived of his liberty in any way; (2) that defendants searched or seized his property; (3) that defendants used or threaten to use physical force during the interactions with him; or (4) that defendants used deceptive means to induce him to interact with them. In other words, the Amended Complaint is devoid of any allegation that would allow the Court to infer that defendants impinged on plaintiff's constitutional rights. The Court therefore finds no reason to excuse plaintiff's noncompliance with the show cause order. See Neitzke v. Williams, 490 U.S. 319, 327 (1989) (holding that

4

*sua sponte* dismissal under 28 U.S.C. § 1915 of *in forma pauperis* complaints is warranted when claims are "clearly baseless"); see also, Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (stating that clearly baseless claims include those that are "fanciful, fantastic, and delusional.") (internal quotation marks and citations omitted).[4]

To boot, because plaintiff has disregarded a clear cut order from the Court, and because his complaint fails under 28 U.S.C. § 1915, the present case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of May, 2012.

*s/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

[4] Among other things, § 1915(e) of Title 28 affords courts with discretion to dismiss *in forma pauperis* suits for failure to state a claim on which relief may be granted or on frivolousness grounds. The following quote from the U.S. Supreme Court tersely explains the purpose of this statute:

> [Section 1915(e)] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.

Neitzke, 490 U.S. at 327.